IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

U.S. BANK NATIONAL ASSOCIATION,

    Plaintiff,                                CIV. NO. S-11-2373 MCE GGH PS

    vs.

JUAN CARLOS RAMIREZ,
                                              ORDER AND
    Defendant.                             FINDINGS AND RECOMMENDATIONS

_____/

        This action was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21). It was removed from state court on September 8, 2011. On September 22, 2011, plaintiff U.S. Bank filed a motion to remand the action to state court, which was noticed for hearing on November 3, 2011. Plaintiff failed to file a timely opposition, or a statement of non-opposition, in accordance with E.D. Cal. L.R. 230(c). The court has reviewed the notice of removal and the papers in support of plaintiff's motion to remand and concludes that oral argument would not be of material assistance in deciding the motion. Accordingly, the hearing date of November 3, 2011 on plaintiff's motion to remand is vacated.

        Removal jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980

1

F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir. 1994).

A plaintiff may bring suit in federal court if his claim "arises under" federal law. 28 U.S.C. § 1331. In that situation, the court has original jurisdiction. A state court defendant cannot invoke the federal court's original jurisdiction. But he may in some instances invoke the court's removal jurisdiction. The requirements to invoke removal jurisdiction are often identical to those for invoking its original jurisdiction. The requirements for both relate to the same end, that is, federal jurisdiction.

Removal of a state court action is proper only if it originally could have been filed in federal court. 28 U.S.C. § 1441. "[F]ederal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983). Mere reference to federal law is insufficient to permit removal. See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992). A defense to an action is not a sufficient basis to remove an action to federal court. See Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994) ("[N]either an affirmative defense based on federal law . . . nor one based on federal preemption ... renders an action brought in state court removable.").

Here, the exhibits attached to the removal petition establish that the state court action is nothing more than a simple unlawful detainer action, and is titled as such. This court has no jurisdiction over unlawful detainer actions which are strictly within the province of the state court. Defendant's attempt at creating federal subject matter jurisdiction by simply stating so will not succeed. To the extent that defendant's removal petition indicates an attempt to raise a federal defense, for example plaintiff's alleged failure to comply with the federal Protecting Tenants at Foreclosure Act, such a defense cannot be grounds for removal. "A case may not be

<mark>

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

<mark />

removed to federal court on the basis of a federal defense,...even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."[1] ARCO Environmental Remediation, LLC v. Dept. of Health and Environmental Quality of the State of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000).  Based on the aforementioned analysis, the court finds that remand is appropriate, because there is no subject matter jurisdiction.

Plaintiff also seeks an award of attorneys' fees, costs, and expenses in bringing its motion to remand.  28 U.S.C. § 1447(c) permits the court to order payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  In deciding whether to order payment of costs, the court must assess whether removal was "wrong as a matter of law."  Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Here, it is clear that there was no proper basis for removal; nonetheless, defendant is proceeding pro se and apparently believed that asserting a defense based on federal law presented a basis for removal.  In light of defendant's pro se status, the court declines to order an award of fees and costs associated with the removal.  See Boutrup v. Washburn, 2009 WL 4573299, at *2 (E.D. Cal. Nov. 24, 2009) ("[W]hile having the status of pro se does not set up a dichotomy of rules vis-a-vis represented litigants, that pro se status warrants some consideration when reviewing a § 1447(c) request.").

\\\

\\\

---

[1] That does not even appear to be the case here.  Although defendant alleges that plaintiff failed to comply with the Protecting Tenants at Foreclosure Act, the Trustee's Deed Upon Sale attached to plaintiff's complaint shows that defendant is not a tenant, but instead the former owner of the property until it was foreclosed upon.  (See Dkt. No. 1, at p. 10.)

For the foregoing reasons, IT IS HEREBY ORDERED that the November 3, 2011 hearing on plaintiff's motion to remand (dkt. no. 4) is vacated.

IT IS ALSO HEREBY RECOMMENDED that:

1. Plaintiff's motion to remand (dkt. no. 4) be granted and that the state action be remanded to the Solano County Superior Court;

2. The Clerk be directed to serve a certified copy of this order on the Clerk of the Solano County Superior Court, and reference the state case number (FCM122289) in the proof of service; and

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 26, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:wvr
Ramirez.2373.remand.wpd

4